# In the United States Court of Federal Claims

Nos. 25-598, 25-1682
(Filed: October 31, 2025)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *
                                   *
PHILIP LEIB-PODRY,                 *
                                   *
              Plaintiff,           *
                                   *
     v.                            *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * * *
```

*Philip Leib-Podry*, *pro se*, of New York, NY

*Brendan David Jordan*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Philip Leib-Podry, alleges that actions taken by state officials, private entities and individuals, and the United States constitute violations of various federal statutes, state statutes, and constitutional provisions.  Throughout his complaint, Plaintiff references statutes and constitutional provisions that are not compensable under the Tucker Act and, therefore, are beyond this Court's jurisdiction.  Furthermore, the actions by state officials and non-government actors alleged in Plaintiff's complaint also sit outside this Court's jurisdictional grant, as the Court's jurisdiction extends only to claims against the United States.  In response to Plaintiff's complaint, the government filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, alternatively, for failure to state a claim under RCFC 12(b)(6).

Moreover, after filing his complaint in the above captioned action, Plaintiff filed an additional complaint on October 8, 2025, that makes substantially similar allegations.  As the allegations against the United States were practically identical to those in Plaintiff's first complaint, these two actions were combined under RCFC 42(a)(2).

For the reasons discussed below, the Court lacks subject matter jurisdiction over both actions; therefore, the government's motion to dismiss is granted. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## BACKGROUND

Plaintiff first filed this action on April 4, 2025. *See generally* ECF No. 1. In his complaint, Plaintiff alleges, *inter alia*, that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights have been violated. ECF No. 1 at 1. In addition to asserting claims against the United States, Plaintiff levied several allegations—ranging from allegations of treason to intentional infliction of emotional distress—against parties other than the federal government.[1] *See generally* ECF No. 1-2.

Plaintiff's claims appear to stem from his perceived lack of compensation for alleged: (1) mistreatment due to his intelligence; (2) inaction from the United States and New York State to further enable his innovation; and (3) contributions to the field of physics. ECF No. 1-2 at 6–11. First, Plaintiff alleges that he "endured severe medical abuse, wrongful detention, and violations of his civil rights" due to "jealousy and envy from others at [his] high school and in the wider community." *Id.* at 5–6. He alleges that the resulting mistreatment "could be considered one of the most severe individual human rights violations in United States history." *Id.* at 6. Second, he alleges that he was forced by Berkshire Hathaway to divulge his physics knowledge without compensation. *Id.* at 6. From this, he alleges that the government has a duty to ensure he has "what [he] need[s] to further [his] discoveries without creating risk to national security and global peace" and that the government has enabled his mistreatment by neglecting to award him compensation, thus committing "gross negligence." *Id.* at 6–7, 29. He specifies that New York State further created "risks to national and global security" due to an "unlawful intrusion" into his home. *Id.* at 8. Third, he alleges that these actions without compensation amount to treason against "the United States and its allies" by undermining his ability to live and contribute more to science. *Id.* at 8–9. Plaintiff further contends that these combined actions resulted in the violation of his constitutional rights along with unjust enrichment and negligence. ECF No. 1 at 1; ECF No. 1-2 at 29–30.[2] Because of the alleged actions of these defendants, Plaintiff asks the Court for relief in the sum of $1 trillion; an order for 18,000 square feet of private housing, new personal identification, including a new social security number, secure internet, a stipend of at least $8,000 a month, and the immediate return of "all personal property wrongfully taken or withheld"; and any additional relief deemed just and proper. *See* ECF No. 1 at 3; ECF No. 1-2 at 21–22, 30.

---

[1] Plaintiff alleges wrongdoing by the State of New York, individuals in his community and high school, and Berkshire Hathway. *See generally* ECF No. 1-2.

[2] Attached to Plaintiff's complaint are two complaints generated by ChatGPT, one for the "United States Court of Claims State of New York" and one for the "United States Court of Federal Claims." ECF No. 1-2 at 14, 23. These complaints further detail the same allegations. *See generally id*. Plaintiff also attached an "Expanded Causes of Action," listing claimed violation standards. *Id.* at 32–33.

In response to Plaintiff's complaint, the government filed a motion to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction and RCFC 12(b)(6) for failure to state a claim. *See* ECF No. 20 at 1. In its motion, the government notes that Plaintiff "has not alleged any money-mandating source of law that provides this Court with jurisdiction," *id.* at 5; rather, the government argues, Plaintiff's claims sound in tort, criminal law, state law, and non-money mandating constitutional provisions. *Id.* at 6–7. The government further contends that the one money-mandating provision of law to which Plaintiff cites, the Just Compensation Clause of the Fifth Amendment, falls short for jurisdictional purposes here, because Plaintiff is "disput[ing] the lawfulness of any taking by the United States" instead of disputing the amount of compensation owed for a lawful taking. *Id.* at 7–8. The government additionally argues that "failure . . . to recognize [Plaintiff's] intellectual achievements is not a 'cognizable Fifth Amendment property interest' that may be subject to a taking." *Id.* at 8 (citation omitted). Moreover, according to the government, Plaintiff's claims appear to be asserted against entities other than the United States, such as New York State. *Id.* at 5–6.

Finally, the government asserts that even if Plaintiff's claims fell within the Court's jurisdiction, they nonetheless fail to state a claim. *Id.* at 9. First, the government argues that because Plaintiff did not allege that the United States "took" any cognizable property interest, the complaint fails to state a Fifth Amendment claim. *Id.* Moreover, the government states that Plaintiff's complaint fails to state a claim because it contains "no non-frivolous, non-conclusory factual allegations remotely suggesting the existence of a contract or implied contract" between the parties nor with anyone with the authority to bind the government. *Id.* (citations omitted).

On September 8, 2025, Plaintiff filed a response to the government's motion repeating his allegations of both intellectual and physical takings and adding allegations of an implied-in-fact contract. *See* ECF No. 22 at 7. Plaintiff continues to assert that these actions have an "[e]ffect on international relations, the economy, and the balance of power between nations." *Id.* at 10–11 n.5. Plaintiff properly states that the Court does not have jurisdiction over tort, criminal, or non-money mandating claims but attempts to reframe his claims as being brought under the Just Compensation Clause or as a breach of an implied contract. *Id.* at 21 ("To preserve jurisdiction here, I can recast relevant actual allegations under the implied-in-fact contract that evidently exists . . . or plead the takings involved in this part of the claim under the Takings Clause.").

In its reply, the government argues that Plaintiff's claims still fail under RCFC 12(b)(1) as his post-hoc arguments cannot reconstrue his claims as takings or breaches of an implied-in-fact contract by "employing the right words to create a putative jurisdictional hook." ECF No. 24 at 2 (quoting *Wickramaratna v. United States*, No. 21-2342C, 2022 WL 1124872, at *5 (Fed. Cl. Apr. 15, 2022)). Further, the government asserts that to the extent the claims' language mirrors the jurisdictional requirements, they nonetheless must be dismissed for lack of jurisdiction because the allegations must be non-frivolous, and they fail to state a claim. *Id.* at 2–3.

As mentioned above, Plaintiff then filed a new, directly related complaint with the Court on October 8, 2025, asserting the same causes of action based the same factual allegations. *See* ECF No. 1, *Leib-Podry v. United States*, No. 25-1682 (Fed. Cl. Oct. 8, 2025). Plaintiff once

again alleges there was a taking and implied-in-fact contract formed by "public exposure of [his] private medical details [through the court system]," the "taking of bodily tissues [during medical procedures]," and use of his "intellectual contributions to quantum physics." *Id*. at 2, 9–11. Moreover, Plaintiff again rests these allegations on mistreatment by medical procedures, educators, and government inaction to support his livelihood. *Id*. at 28–33 (claiming that "[the ACA] incentivized cruel behavior from doctors . . . [t]his is a pattern within institutions of paid educators using glass nefariously toward Plaintiff . . . [and] there have been many implied and variably explicit promises from the Federal Government to the people of the United States to help Plaintiff directly and without interference . . . .").

## DISCUSSION

### A.     Legal Standard

Under RCFC 12(b)(1), the Court must dismiss any claim that does not fall within its subject matter jurisdiction. If complaints are consolidated, they may be dismissed together if both lack jurisdiction. *Wright v. United States*, No. 16-1346C, 2017 WL 398335, at *1 (Fed. Cl. Jan. 27, 2017), *aff'd,* 701 F. App'x 967 (Fed. Cir. 2017) (dismissing consolidated complaints through the government's motion to dismiss the first complaint). In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the non-moving party and draw all logical inferences in the light most favorable to that party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citations omitted). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

4

Even if a plaintiff establishes subject matter jurisdiction, the Court must nonetheless dismiss the claim under RCFC 12(b)(6) if a plaintiff fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Therefore, a complaint lacking sufficient well-pleaded facts to "establish all elements of the cause of action" must be dismissed for failure "to state a claim on which relief can be granted." *Fisher v. United States*, 402 F.3d 1167, 1175–76 (Fed. Cir. 2005) (en banc).

**B.     Analysis**

Both of Plaintiff's complaints fail to establish subject matter jurisdiction and must be dismissed. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff's lead complaint alleges claims against and seeks compensation from parties besides the United States. ECF No. 1-2 at 11 ("I seek $1 trillion in damages from the state of New York . . . ."). Plaintiff's second complaint also alleges harm based on actions by private actors. ECF No. 1 at 13, 23, 28, 32, *Leib-Podry*, No. 25-1682 (alleging actions by doctors, educators, and companies). As the government's motion to dismiss points out, this "Court lacks jurisdiction to hear any claims against any party other than the United States"; therefore, the Court must dismiss all claims against New York and private parties. ECF No. 20 at 5 (citation omitted).

Furthermore, this Court's jurisdiction only extends to claims arising from money-mandating sources of law. 28 U.S.C. § 1491(a)(1). This excludes claims based on state or criminal law and those sounding in tort. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims."); *Dziekonski v. United States*, 120 Fed. Cl. 806, 811 (2015) ("Assuming plaintiff were to make out a cognizable criminal violation claim, the Court of Federal Claims lacks jurisdiction to entertain criminal matters."); *Ross v. United States*, 122 Fed. Cl. 343, 347–48 (2015) (stating that the Tucker Act grants jurisdiction for money claims "not sounding in tort") (quoting 28 U.S.C. § 1491(a)(1)). This Court's jurisdiction also does not extend to Plaintiff's claims under the "Fourth, [ ] Eighth, and Fourteenth Amendments" because these constitutional amendments are not money-mandating. ECF No. 1 at 1; *see e.g.*, *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (finding that the Fourth, Eighth, and Fourteenth Amendments are not money-mandating). Accordingly, Plaintiff's numerous claims under these sources of law must be dismissed for want of subject matter jurisdiction.

As for Plaintiff's claims under the Just Compensation Clause and based on an alleged implied-in-fact contract, while these types of claims often fall within this Court's jurisdiction, "[d]etermination of [this Court's] jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Merely stating "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998). Here, Plaintiff uses the legal terminology of a taking and a contract claim but fails to allege plausible facts to support these allegations. *See, e.g.*, ECF No. 1-2 at 28 ("The government's failure to provide Plaintiff with due compensation for forced disclosures of scientific discoveries constitutes a violation of the Takings Clause of the Fifth

Amendment."); ECF No. 1 at 10–11, *Leib-Podry*, No. 25-1682 ("Here, the contractual relationship and takings are two sides of the same coin, and became that way because [ ] nuclear projects predate Plaintiff's birth and are connected to his genetic material . . . .").

Moreover, for contract claims "dismissal may be proper for lack of jurisdiction if the claim is wholly insubstantial and frivolous." *Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020) (quoting *Lewis v. United States*, 70 F.3d 597, 602–04 (Fed. Cir. 1995)) (internal quotations omitted). Plaintiff fails to allege any non-frivolous facts that support the existence of a contract and thus fails to establish this Court's jurisdiction. *See* ECF No. 22 at 27 (alleging the requirements of a contract "are all effectively fulfilled by any and all of [his] interactions . . . with every member and employee of the federal government . . . ."); ECF No. 1 at 42–45, *Leib-Podry*, No. 25-1682 (alleging that a contract was formed when he filed in the court system).

Finally, even if the Plaintiff's complaints were to survive an RCFC 12(b)(1) dismissal, they would still be extinguished by RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff characterizes his claims as arising under the Just Compensation Clause or an implied-in-fact contract. First, to evaluate a claim under the Just Compensation Clause, the Court must determine whether the Plaintiff alleged a "cognizable property interest" that could be taken by the United States. *See Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009). The government correctly argues that "any failure by the United States Government to recognize [Plaintiff's] intellectual achievements is not a 'cognizable Fifth Amendment property interest' that may be subject to a taking." ECF No. 20 at 8 (citing *Pendleton v. United States*, No. 24-656, 2024 WL 4639259, at *3 (Fed. Cl. Oct. 29, 2024)); *see also Hearts Bluff Game Ranch, Inc. v. United States*, 669 F.3d 1326 (Fed. Cir. 2012) ("In assessing whether or not a Fifth Amendment property interest exists, [courts] look for 'crucial indicia of a property right,' such as the ability to sell, assign, transfer, or exclude." (quoting *Conti v. United States*, 291 F.3d 1334, 1342 (Fed. Cir. 2002)). Second, with regard to the alleged breach of an implied-in-fact contract, Plaintiff's complaint lacks the requisite factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This leaves the Court with the sole option of dismissal.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaints for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge